UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY MORVANT                                              CIVIL ACTION

VERSUS                                                         No. 14-226

MARYLAND CASUALTY COMPANY ET AL.                SECTION I

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendants, Century Indemnity Company, Continental Insurance Company, Federal Insurance Company, Insurance Company of North America, Maryland Casualty Company, and Travelers Casualty and Surety Company, to stay the proceeding in the above-captioned matter pursuant to the *Colorado River* abstention doctrine or, in the alternative, to continue deadlines. Plaintiff, Mary Morvant, filed an opposition.[2] Defendants filed a reply to plaintiff's opposition,[3] and plaintiff filed a surreply.[4] For the following reasons, the motion is **DENIED**.[5]

### BACKGROUND

Plaintiff filed a lawsuit in the Civil District Court for the Parish of Orleans against Asbestos Corporation Limited ("ACL"), alleging that she developed malignant mesothelioma as a result of her prolonged exposure to asbestos manufactured by ACL.[6] Plaintiff alleges that, because ACL would not cooperate with discovery requests, she did not learn the identity of defendants, ACL's alleged insurers, until it was too late to add the insurers as parties without a

---

[1] R. Doc. No. 40.
[2] R. Doc. No. 50.
[3] R. Doc. No. 59.
[4] R. Doc. No. 68.
[5] The Court acknowledges the diligent efforts of Lillian Grappe, a J.D. candidate at Tulane University School of Law, who contributed to the preparation of this Order and Reasons.
[6] R. Doc. No. 1, ¶ 14.

1

continuance of the trial.[7] Accordingly, defendants were not parties in the state lawsuit.[8] The jury determined that ACL was strictly liable for plaintiff's injury, and on December 17, 2013, plaintiff obtained a final judgment against ACL in the amount of $6,420,467.[9] On January 23, 2014, ACL filed a timely petition for devolutive appeal in state court.[10] The Louisiana Court of Appeal for the Fourth Circuit granted ACL's appeal, ACL paid all appeal costs, the record was lodged, and a briefing schedule has been issued in that proceeding.[11]

In the meantime, on December 19, 2013, because plaintiff could not collect her judgment from ACL,[12] plaintiff filed this lawsuit against defendants, seeking indemnity pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. § 22:655.[13] ACL is not a party in this action.[14]

Defendants filed a motion[15] to stay this case under the *Colorado River* abstention doctrine or, in the alternative, to continue all deadlines. Defendants argue that the state and federal lawsuits are "parallel" because the parties involved and issues being litigated are "substantially the same."[16] Defendants argue that the federal action is "directly tied" to the state appellate proceeding, which could render the federal action moot if the jury's verdict is vacated.[17] Defendants also assert that the *Colorado River* factors weigh in their favor because the state lawsuit was filed well before the federal lawsuit, the parallel lawsuits could result in inconsistent judgements, parallel proceedings would be a waste of judicial resources, the

---

[7] R. Doc. No. 50, at 3.
[8] R. Doc. No. 1; R. Doc. No. 40-1, at 5.
[9] R. Doc. No. 1, ¶¶ 17-18; R. Doc. No. 1-3, at 2-3.
[10] R. Doc. No. 40-3.
[11] R. Doc. No. 40-3; R. Doc. No. 40-4; R. Doc. No. 40-5.
[12] According to plaintiff, "ACL has failed and refused to pay the Judgment. Instead ACL took a 'devolutive' appeal to the Louisiana Fourth Circuit Court of Appeal." R. Doc. No. 1, ¶ 19.
[13] R. Doc. No. 1, ¶¶ 19, 21.
[14] R. Doc. No. 1.
[15] R. Doc. No. 40.
[16] R. Doc. No. 40, at 5-6.
[17] R. Doc. No. 40, at 6.

plaintiff will not be prejudiced by staying the federal proceeding, and there are no issues of federal law.[18]

Plaintiff argues this Court should not stay the federal proceeding as the state and federal lawsuits are not parallel because the lawsuits involve different parties and will adjudicate different "discrete" issues—ACL's liability to plaintiff and ACL's insurance coverage, respectively.[19] Plaintiff also contends that, after balancing the strict *Colorado River* abstention factors, defendants have not shown the "clearest of justifications" for the surrender of this Court's jurisdiction.[20]

## STANDARD OF LAW

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." *Black's Law Dictionary* (9th ed. 2009). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "'The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "'Abdication of the obligation to decide cases can be justified under [the abstention doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Id.* (quoting *Allegheny*, 360 U.S. at 188-89).

In *Colorado River*, the U.S. Supreme Court noted that, generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court

---

[18] R. Doc. No. 40, at 6-8.
[19] R. Doc. No. 50, at 6-8.
[20] R. Doc. No. 50, at 8-10 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)).

having jurisdiction'" *Id*. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citing *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964)). The U.S. Supreme Court has explained that "a stay [of the proceedings] is as much a refusal to exercise federal jurisdiction as a dismissal." *Moses H. Cone*, 460 U.S. at 28. Accordingly, a court may abstain from a case because of parallel litigation in state court only under "exceptional" circumstances. *Colo. River*, 424 U.S. at 818.

In order to determine if the *Colorado River* abstention doctrine applies, courts must first inquire into whether the federal and the state actions are parallel. An action is parallel when it has "the same parties and the same issues" as a case in a different forum. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). However, the U.S. Court of Appeals for the Fifth Circuit has noted that "[i]t might not be necessary that the parties and issues are absolutely identical in every instance for *Colorado River* abstention to be appropriate." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (citing *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 n.7 (5th Cir. 2006)). For example, the Fifth Circuit has recognized that there need not always be a "mincing insistence on precise identity" of parties and issues. *See Brown*, 462 F.3d at 394 n.7 (quotation omitted).

Second, to determine whether "exceptional" circumstances exist in a given case, courts consider six factors: (1) the assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) the extent to which federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colo. River*, 424 U.S. at 818-19; *see also Moses H. Cone*, 460 U.S. at 18-26. No one factor is determinative, and all applicable factors

4

must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

## DISCUSSION

The parties disagree as to whether the state liability proceeding and the instant indemnity proceeding are parallel.[21] Defendants argue that the cases are parallel because defendants had the benefit of their insured's defenses in state court, regardless of the fact that the defendants were not parties in that state proceeding.[22] Defendants also argue that the cases are parallel because plaintiff sued defendants under the Louisiana Direct Action Statute, which "does not create an independent cause of action against the insurer, [but] merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured."[23]

Plaintiff argues that the lawsuits are not parallel because the parties in both lawsuits are not substantially the same and because this Court must decide discrete issues of policy coverage and judgment collection not before the state court.[24]

Defendants do not cite, and this Court is not familiar with, any Fifth Circuit authority holding that lawsuits brought under the Louisiana Direct Action Statute are automatically considered parallel.[25] The Court is not persuaded by defendants' conclusory assertion, which lacks any citation to supporting authority.

The Fifth Circuit has generally required that parallel actions involve "the same parties and the same issues." *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (quoting *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)).

---

[21] R. Doc. No. 40, at 5-6; R. Doc. No. 50, at 6-8.
[22] R. Doc. No. 40, at 5.
[23] R. Doc. No. 40, at 5-6 (citing *Descant v. Adm'rs of the Tulane Educ. Fund*, 639 So. 2d 246, 249 (La. 1994)); *see also Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1022 (5th Cir. 2012).
[24] R. Doc. No. 40, at 7-8.
[25] R. Doc. No. 40, at 5-6.

Several district courts have adopted the U.S. Court of Appeals for the Seventh Circuit's conclusion that "[t]he question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (quotations and modifications omitted); *see, e.g.*, *Kenner Acquisitions, LLC v. Bellsouth Telecomms., Inc.*, No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (Vance, C.J.); *see also Storyville Dist. New Orleans, LLC v. Canal St. Dev. Corp.*, 785 F. Supp. 2d 579, 591 n.22 (E.D. La. 2011) (Feldman, J.). Ultimately, abstention is not appropriate where "the disparity between the parties and the issues in [the federal case] and that in the state court is simply too great to deem the suits parallel." *Entergy Thermal, LLC v. Martin*, No. 10-2728, 2010 WL 5055878, at *2 (E.D. La. Dec. 1, 2010) (Duval, J.).

In *RepublicBank*, the Fifth Circuit considered state and federal actions involving the same general subject matter and sharing a common issue, the validity of a promissory note. 828 F.2d at 1121. The court held that the cases were not sufficiently parallel to warrant the district court's abstention. *Id.* The Fifth Circuit reasoned that the state and federal cases were not parallel because the appellants, the guarantors of promissory notes, were not parties in the appellee/note holder's state lawsuit and the cases involved different issues—specifically, the state lawsuit addressed the enforceability of the note and the federal lawsuit addressed the guarantee agreement. *Id.* Similarly, in the instant case, the defendant insurers were not parties in the state lawsuit between the injured plaintiff and the insured, ACL.[26] Likewise, the two lawsuits involve different issues: the state lawsuit addresses whether ACL is liable for plaintiff's injuries, and the federal lawsuit addresses ACL's policy coverage and plaintiff's ability to collect a judgment

---

[26] R. Doc. No. 1-2, at 1.

from ACL's alleged insurers.[27] *See also Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 208 (4th Cir. 2006) ("The [] state court actions have nothing to do with insurance remedies . . . and, thus, will not provide an adequate vehicle for the complete and prompt resolution of the issues between the parties in this case.").

In asserting that these lawsuits are parallel, defendants rely on *Polu Kai Services, LLC v. Insurance Co. of State of Pennsylvania*, No. 06-10708, 2007 WL 716115 (E.D. La. Mar. 6, 2007) (Fallon, J.). In *Polu Kai Services*, the same facts being litigated in the state proceeding would also determine the federal indemnity action. *Id.* at *1-2. The court held that the actions were sufficiently parallel although the defendant in the federal lawsuit was not involved in the state proceeding. *Id.* at *2. However, the instant case is distinguishable because it does not "revolve around the same factual and legal issue" being litigated in state court. *Id.*[28] Moreover, the Court notes that, after applying the *Colorado River* abstention factors, the *Polu Kai* court ultimately refused to abstain. *Id.* at *4.

Furthermore, the state court litigation will not dispose of all the issues presented in this federal case. *See Kenner Acquisitions*, 2007 WL 625833, at *2. The state lawsuit will not resolve ACL's policy coverage or plaintiff's ability to collect from defendants. Finally, "[a]ny doubt regarding the parallel nature of the [state-court] suit should be resolved in favor of exercising jurisdiction." *Rimkus Consulting Grp., Inc. v. Cammarata*, No. 07-0405, 2007 WL 4223434, at *4 (S.D. Tex. Nov. 29, 2007) (Rosenthal, J.) (second alteration in original) (quoting *TruServ*

---

[27] R. Doc. No. 1; R. Doc. No. 1-3.

[28] The Court rejects defendants' contention that plaintiff's amended complaint indicates she intends to retry asbestos exposure facts litigated in the state lawsuit. R. Doc. No. 59, at 5. As plaintiff notes, she has no need to retry these claims as she has already obtained a judgment against ACL. Any analysis of plaintiff's asbestos exposure will be limited to interpreting whether the defendants' insurance policies cover such exposure. R. Doc. No. 68, at 2. Furthermore, a retrial of these facts may be subject to issue and/or claim preclusion. *See In re Southmark Corp.*, 163 F.3d 925, 932, 934 (5th Cir. 1999).

*Corp.*, 419 F.3d at 592). The disparity between the parties and the issues in these lawsuits is too great to deem them parallel. *See Entergy Thermal*, 2010 WL 5055878, at *2.

For the foregoing reasons, the Court concludes that the lawsuits are not sufficiently parallel; the lawsuits do not "consist of substantially the same parties litigating substantially the same issues." *Kenner Acquisitions*, 2007 WL 625833, at *2; *see also Rowley v. Wilson*, 200 F. App'x 274, 275 (5th Cir. 2006) (reversing district court decision that lawsuits were parallel where the federal lawsuit included claims against additional defendants not involved in the state lawsuit); *Am. Guarantee Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005) (reversing district court decision that lawsuits were parallel where only one of the defendants was a party in the state lawsuit and the federal lawsuit involved additional claims). Accordingly, abstention is unwarranted.

In the alternative, even if the Court were to find that the lawsuits are parallel, the Court concludes that abstention is inappropriate in light of the *Colorado River* factors, only one of which weighs in favor of abstention.

When a court has not taken control over property or any *res*, the first factor weighs against abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Plaintiff notes that neither court has assumed jurisdiction over a *res*, and defendants do not dispute this.[29] Accordingly, the absence of jurisdiction over a *res* supports exercising federal jurisdiction. *Stewart*, 438 F.3d at 492 (quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)).

"When courts are in the same geographic location, the inconvenience factor weighs against abstention." *Id*. This factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Evanston*, 844 F.2d at 1191. Because the state and federal

---

[29] R. Doc. No. 40; R. Doc. No. 50, at 9.

forums are both located in New Orleans, the relative inconvenience of the forum weighs against abstention. *See Stewart*, 438 F.3d at 492.

The parties disagree as to the significance of the third factor, avoidance of piecemeal litigation. Defendants contend that proceeding in this case could lead to inconsistent judgments and "an enormous waste of judicial resources."[30] They note the possibility of this Court finding defendants responsible for paying a judgment that may ultimately be overturned by the state appellate court.[31] Plaintiff responds that these cases will not result in piecemeal litigation because "they are deciding related but *different* issues against related but *different* parties."[32]

Defendants' arguments are misplaced.

> Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems . . . . [T]he real concern at the heart of the third Colorado River factor is the avoidance of piecemeal litigation and the concomitant danger of inconsistent rulings with respect to a *piece of property*.

*Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000) (quoting *Evanston*, 844 F.2d at 1192) (emphasis added) (footnotes omitted). Because the federal and state lawsuits concern insurance coverage and liability, which do not involve jurisdiction over a *res*, the risk of piecemeal litigation and danger of inconsistent rulings with respect to a piece of property does not support abstention. *See id.* Furthermore, conservation of judicial resources is not a factor in the *Colorado River* abstention doctrine. *See Colo. River*, 424 U.S. at 818-19; *see also Moses H. Cone*, 460 U.S. at 18-26. The Fifth Circuit has also acknowledged that the application of *res judicata* can eliminate the danger of inconsistent rulings in a case with the potential for piecemeal litigation. *Stewart*, 438 F.3d at 492; *see also Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498-99 (5th Cir. 2002). Where there is not a risk of irreconcilable

---

[30] R. Doc. No. 40, at 7.
[31] R. Doc. No. 40, at 7.
[32] R. Doc. No. 50, at 9.

rulings, "[s]hould one court render judgment before the other, *res judicata* will ensure proper order." *Kelly*, 315 F.3d at 499. The Court concludes that the third factor weighs against abstention in this matter.

The fourth factor is measured by the amount of progress made in each action. *Moses H. Cone*, 460 U.S. at 21. Defendants argue that because the state proceeding was filed more than one year before the instant case and has progressed to a jury trial, judgment, and appeal, this Court should stay the federal proceeding.[33] Defendants further assert that because the state lawsuit is currently on appeal, it strengthens the need for abstention.[34] Plaintiff responds that the order of jurisdiction should be given little weight as the lawsuits are not parallel.[35]

The Fifth Circuit has suggested that the fourth factor "only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart*, 438 F.3d at 492-93 (citing *Murphy*, 168 F.3d at 738). Similarly, another section of this Court has noted that the fourth factor "favor[s] abstention" when the state action is currently on appeal, the federal lawsuit was filed after the state trial court issued its judgment, and the federal case has not progressed beyond motion practice. *Storyville*, 785 F. Supp. 2d at 592. Because this federal lawsuit was filed after the state court issued a judgment, which is currently on appeal, and this lawsuit has not significantly progressed,[36] the fourth factor favors abstention.[37]

With respect to the fifth factor, defendants and plaintiff acknowledge that the case involves only issues of state law.[38] However, "[t]he absence of a federal-law issue does not counsel in favor of abstention," and the "presence of state law issues weighs in favor of

---

[33] R. Doc. No. 40, at 6.
[34] R. Doc. No. 40, at 7-8.
[35] R. Doc. No. 50, at 9.
[36] Trial is scheduled to commence on December 1, 2014. R. Doc. No. 29, at 4.
[37] R. Doc. No. 1, ¶14; R. Doc. No. 40-3, at 3; R. Doc. No. 1-3.
[38] R. Doc. No. 40, at 8; R. Doc. No. 50, at 9-10.

surrender only in rare circumstances." *Evanston*, 844 F.2d at 1193. Defendants have not argued that such circumstances are present in this case.[39] The Court finds that the fifth factor is neutral in this case.

With respect to the sixth factor, defendants argue that the plaintiff will not be prejudiced by a temporary stay of this proceeding because plaintiff has already received a judgment against ACL that will stand as long as it is not overturned or reduced on appeal.[40] Plaintiff responds that her right to proceed against defendants will not be protected in the state lawsuit, which is not deciding that issue.[41] Defendants also acknowledge that if the state court judgment stands, this Court would still need to address issues relative to policy coverage and defendants' liability for the state court judgment.[42]

The Fifth Circuit has held that the sixth factor "can only be a neutral factor or one that weighs against, not for, abstention." *Id.* Furthermore, in *Moses H. Cone*, the Supreme Court explained:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

460 U.S. at 28 (citation omitted). Because this Court would still have to determine the issues of policy coverage and plaintiff's ability to collect from defendants, unless the jury's verdict is

---

[39] R. Doc. No. 40-1, at 8. In the two-sentence paragraph addressing this issue, defendants assert: "Finally, Plaintiff's Complaint does not raise any issues of federal law. Therefore, because there is no federal law that will provide the rules of a decision on the merits in this case, this factor weighs in favor of granting a temporary stay in this case." Defendants do not cite to any supporting authority for this argument.
[40] R. Doc. No. 40, at 7-8.
[41] R. Doc. No. 50, at 10.
[42] R. Doc. No. 59, at 5.

11

vacated, it would be a "serious abuse of discretion" for this Court to grant the stay.[43] Accordingly, the sixth factor weighs against abstention.

In sum, only one of the factors weighs in favor of abstention, and defendants have not shown that exceptional circumstances warrant abstention.

The Court briefly notes an alternative argument raised by defendants, who urge that "the Court has the inherent power to stay proceedings."[44] The Court is not convinced by defendants' attempted end-run around the *Colorado River* abstention doctrine. *See Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) ("To permit a district court to rely solely on its inherent power to control its docket, when the effect of the district court's order is to accomplish the same result contemplated by *Colorado River*, would allow a court to bypass the rigorous test set out by the Supreme Court.").

"Although district courts have inherent authority to control their dockets, 'only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *D&S Marine Servs., L.L.C. v. Lyle Properties, L.L.C.*, No. 12-31263, 2013 WL 6054358, at *4 (5th Cir. Nov. 18, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The sole case on which defendants rely for the proposition that a stay is appropriate is *Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498, at *2 (E.D. La. Oct. 19, 2011), which addressed the entirely distinguishable circumstance of imposing a brief stay pending a decision on the transfer of a case to an MDL

---

[43] Defendants also argue that this court will have nothing further to do in resolving a "substantive" part of this case. Defendants contend that plaintiff's claims against defendants are not "substantive" because they are brought pursuant to the Louisiana Direct Action Statute, which does not provide an independent cause of action against an insurer but merely telescopes from the plaintiff's "substantive cause of action against the insured." R. Doc. No. 40, at 5-6 (citing *Descant*, 639 So. 2d at 249). Defendants provide no support for this line of reasoning. Furthermore, the Court need not address this argument because the sixth abstention factor can only be neutral or weigh against abstention.

[44] R. Doc. No. 40-1, at 8.

court. After balancing "the harm of moving forward and the harm of holding back," the Court declines to exercise its inherent power to stay the above-captioned matter. *See D&S Marine Servs.*, 2013 WL 6054358, at *4.

## CONCLUSION

The Court has determined that the *Colorado River* abstention doctrine does not apply because the state and federal cases are not parallel. Furthermore, even if the cases were parallel, only the amount of progress in the state court proceeding weighs in favor of abstention. The remaining factors are neutral or weigh against abstention. This case does not present an exceptional circumstance which would warrant abstention. Finally, the Court rejects defendant's alternative argument that the Court should nonetheless stay the above-captioned matter pursuant to its inherent authority to control its docket. Accordingly,

**IT IS ORDERED** that the motion to stay or, in the alternative, continue deadlines is **DENIED.**

New Orleans, Louisiana, June 17, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**