UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY MORVANT** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-226** |
| **MARYLAND CASUALTY COMPANY ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] by defendants to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, defendants seek dismissal pursuant to Rule 12(b)(7).[2] Plaintiff has filed an opposition.[3]

For the following reasons, the motion is **DENIED IN PART** as to the Rule 12(b)(6) argument. The Court **DEFERS** ruling on the motion as to the Rule 12(b)(7) argument.

Louisiana's direct action statute provides:

A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.

---

[1] R. Doc. No. 26.

[2] R. Doc. No. 26-1, at 6.

[3] R. Doc. No. 49.

> B. (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
> . . . .
>
> (b) The insured is insolvent.

La. Rev. Stat. Ann. § 22:1269.

Defendants argue that plaintiff's lawsuit should be dismissed for failure to state a claim upon which relief can be granted because Louisiana's direct action statute, La. Rev. Stat. § 22:1269, "does not allow direct actions against alleged liability insurers without also joining the alleged insured (ACL) as a defendant in the suit."[4] Plaintiff presents three persuasive arguments in opposition to defendants' motion.[5]

First, plaintiff contends that defendants are relying on the wrong version of the statute. As set forth above, Louisiana's direct action statute currently permits a plaintiff to sue an insurer directly in certain circumstances, including when an insured is insolvent. *Marchand v. Asbestos Defendants*, 44 So. 3d 355, 357 (La. App. 4th Cir. 2010); *see also* La. Rev. Stat. § 22:1269(B)(1). "[T]he Direct Action Statute was amended by Acts 1989, No. 117, § 2. [P]rior to the amendments, a plaintiff could bring suit against the insurer alone without qualification." *Marchand*, 44 So. 3d at 358.

---

[4]R. Doc. No. 26-1, at 1-2.

[5]The Court assumes for the purpose of addressing plaintiff's first two arguments that the statute imposes a substantive requirement, notwithstanding the subsequent analysis relative to plaintiff's third argument and Rule 12(b)(7).

Plaintiff argues that the 1989 amendments' joinder requirement does not apply to her because her cause of action accrued prior to the amendment's effective date of January 1, 1989.[6] In her subsequently filed amended complaint, however, plaintiff alleges that she was exposed to asbestos "starting in 1953, continuing through the 1960s and 1970s, and *into the 1980s*."[7] Louisiana law is clear that the 1989 amendments do not apply to plaintiff insofar as her cause of action accrued before the amendments' effective date, and defendants' motion fails on this basis. *See Marchand*, 44 So. 3d at 358.[8] However, insofar as plaintiff's amended complaint arguably implicates the 1989 amendments, the Court proceeds to plaintiff's alternative arguments.[9]

Plaintiff next argues that her allegations "fall squarely into an enumerated exception to the joinder requirement."[10]

As noted above, the direct action statute permits an action to be brought against an insurer alone when an "insured is insolvent." La. Rev. Stat. § 22:1269(B)(1)(b). The statute further provides that an executory judgment against the insured "shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person." La. Rev. Stat. § 22:1269(A). Defendants concede that plaintiff has alleged an executory judgment against ACL.[11] Accordingly, the Court finds that the exception applies

---

[6]R. Doc. No. 49, at 6.

[7]R. Doc. No. 77, at 1 (emphasis added).

[8]No subsequent statutory amendments are at issue in this case.

[9]Of note, in her reply memorandum in support of her motion for leave to file an amended complaint, plaintiff appears to suggest that her exposure ended in 1983. R. Doc. No. 73, at 2 n.7.

[10]R. Doc. No. 49, at 8.

[11]*See* R. Doc. No. 49, at 9; R. Doc. No. 26-1, at 6 n.1.

at this stage. Insofar as defendants contend that, as a factual matter, ACL is not actually insolvent,[12] such arguments are outside the scope of a Rule 12(b)(6) motion.

Finally, the Court agrees with plaintiff that the statutory joinder provision is not properly addressed pursuant to Rule 12(b)(6). The Fifth Circuit has "rejected the argument that the (a)-(f) provisions," which include the insolvent insured provision, "are 'a substantive condition precedent to the injured plaintiff's right, remedy and judgment against the insurer under the direct action statute.'" *Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 626 (5th Cir. 2008) (quoting *McAvey v. Lee*, 260 F.3d 359, 266 (5th Cir. 2001)). Instead, the Fifth Circuit has characterized these provisions as providing defendants with a mechanism by which to demand joinder. *See id.* at 625-26 (citing *Safford v. St. Tammany Parish Fire Prot. Dist. No. 1*, No. 02-0055, 2004 WL 32925, at *4 (E.D. La. Jan. 6, 2004) (Vance, J.)). For these three reasons, defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED**.

Defendants alternatively allege that dismissal is appropriate pursuant to Rule 12(b)(7) because ACL is a required party to the above-captioned matter under Rule 19 of the Federal Rules of Civil Procedure. Plaintiff contends that defendants' approach would "essentially nullify the rights tort victims enjoy" under Louisiana's direct action statute.[13]

---

[12]Defendants cite no support for the assertion that a devolutive appeal in which the appellee is an active participant rebuts the presumption of insolvency. *See* R. Doc. No. 26-1, at 6 n.1.

[13]R. Doc. No. 49, at 14.

Defendants cite a variety of cases for the proposition that "insureds are necessary and indispensable parties to insurance coverage cases."[14] None of these cases, however, involve Louisiana's direct action statute or the direct action statute of any other state.[15]

In *McAvey*, the Fifth Circuit observed that it "need not decide to what extent, if any, the procedural joinder requirements added by the 1988 amendment should be read in pari materia with Louisiana's general provisions for joinder of parties, . . . which mirror the provisions of Federal Rule of Civil Procedure 19." 260 F.3d at 371 n.9. Subsequently, in *Safford*, Judge Vance construed *McAvey* to indicate that joinder pursuant to section 655(B)(1) "is a procedural matter governed by federal procedure," and "turn[ed] to Federal Rule of Civil Procedure 19." 2004 WL 32925, at *4. *Safford*'s characterization of *McAvey* was cited favorably by the Fifth Circuit in *Lehmann*, 524 F.3d at 625-26.[16]

Assuming that Rule 19 provides a basis by which to challenge plaintiff's failure to join ACL, the Court requires further briefing as to how Rule 19 applies to the facts of this particular case.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED IN PART** with respect to defendants' Rule 12(b)(6) argument.

**IT IS FURTHER ORDERED** that the Court **DEFERS** ruling with respect to defendants' Rule 12(b)(7) argument. The parties shall submit supplemental memoranda on or before **Wednesday,**

---

[14]R. Doc. No. 26-1, at 7.

[15]*E.g.* R. Doc. No. 26-1, at 7 (citing *Nat'l Union Fire Ins. Co. v. Ride-Aid of S.C., Inc.*, 210 F.3d 246, 261 (4th Cir. 2000)).

[16]*But see Kuchenig v. Cal. Co.*, 350 F.2d 551, 557 (5th Cir. 1965) ("The nature and purpose of the state [joinder] rule must be determined in each case.") (Wisdom, J.); *NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 374 (S.D.N.Y. 2000) (Among other factors, "potential conflicts between federal and state judicial administration . . . have weighed persuasively in rulings of the Second Circuit and other courts which have held direct action statutes . . . to be substantive.").

**June 25, 2014**, relative to Rule 19. Such memoranda shall be tailored to the facts of this case, and the parties shall focus their discussion on authority from the Fifth Circuit and Louisiana.

**IT IS FURTHER ORDERED** that the motion to dismiss pursuant to Rule 12(b)(7) will be taken under advisement without oral argument on **Thursday, June 26, 2014, at 5:00 p.m.**

New Orleans, Louisiana, June 18, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**