UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY MORVANT | CIVIL ACTION |
| VERSUS | No. 14-226 |
| MARYLAND CASUALTY COMPANY ET AL. | SECTION I |

## ORDER

Before the Court is a motion[1] by defendants to dismiss plaintiff's complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.[2] Plaintiff has filed an opposition.[3] The parties have also submitted supplemental memoranda[4] pursuant to the Court's prior order.[5] The Court assumes familiarity with the background of the case.[6]

Defendants allege that Asbestos Corporation Limited ("ACL") is a required party to the above-captioned matter pursuant to Rule 19 of the Federal Rules of Civil Procedure. Plaintiff contends that defendants' approach would "essentially nullify the rights tort victims enjoy" under Louisiana's direct action statute,[7] which expressly enables plaintiff to sue defendants without joining ACL.

---

[1] R. Doc. No. 26.

[2] R. Doc. No. 26-1, at 6. Although captioned as a motion to dismiss, defendants' substantive argument is that "this action should not be permitted to continue without [ACL's] presence." R. Doc. No. 26-1, at 8-9. As plaintiff notes, the proper remedy if the Court were to find that ACL must be joined is to join ACL, rather than to dismiss the lawsuit, because ACL's joinder would not destroy diversity jurisdiction. R. Doc. No. 99, at 3.

[3] R. Doc. No. 49.

[4] R. Doc. No. 98; R. Doc. No. 99.

[5] R. Doc. No. 86.

[6] *E.g.*, R. Doc. No. 86.

[7] R. Doc. No. 49, at 14.

Louisiana's direct action statute provides:

A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.

B. (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
. . . .

(b) The insured is insolvent.

La. Rev. Stat. § 22:1269. The Court has previously determined that the exception for an insolvent insured applies, at least at this stage of the proceedings.[8] Accordingly, Louisiana's direct action statute provides that plaintiff need not join ACL in the above-captioned matter and may proceed against "the insurer[s] alone." *Id.*

The Court agrees with plaintiff that Louisiana's direct action statute, as applied to the facts of this case,[9] "grants substantive rights that are dispositive here of the procedural question under Rule 12(b)(7)."[10] *See Collins v. Am. Auto. Ins. Co.*, 230 F.2d 416, 422 (2d Cir. 1956); *see also McAvey v. Lee*, 260 F.3d 359, 366 (5th Cir. 2001) ("[The direct action statute] authorizes the insurer,

---

[8] R. Doc. No. 86, at 3-4.

[9] *See Kuchenig v. Cal. Co.*, 350 F.2d 551, 557 (5th Cir. 1965) (Wisdom, J.).

[10] R. Doc. No. 99, at 2.

*subject to specified exceptions*, to object to non-joinder of an insured and seek dismissal of the direct action if the insured is not joined.") (emphasis added); *id.* at 367, 370. Defendants have not identified any case in which a court applied Rule 19 to require an insured's joinder when a state's direct action statute expressly provided that such joinder was unnecessary. Moreover, "[t]he express purpose of the direct action statute . . . can be effectuated only through the substantive rights and direct remedial actions established by the initial provision" of section 1269B)(1), which provides plaintiff's right to proceed solely against ACL's insurers. *See McAvey*, 260 F.3d at 366.

In the alternative, the Court concludes that even if it undertook the Rule 19 analysis urged by defendants, ACL is not a required party. *See Lumberman's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51-52 (1954) ("The tortfeasor in a Louisiana direct action [is not an] indispensable party, [and] a complete disposition of the entire claim may be made in this one action, without injustice to any of the participants.").

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, July 3, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**